IpEDWARD A. DUFRESNE, JR., Chief Judge.
This is an appeal by State Farm Mutual Automobile Insurance Co. and Jason Smith, its insured, defendants-appellants, from a $3,834 judgment in favor of William Adams, plaintiff-appellee, in this automobile accident case. Because we find neither legal nor manifest factual error, we affirm.
The facts of this July 6, 2000 accident are straightforward. Adams was traveling in the right lane of a multi-lane boulevard and Smith was two lanes over. Smith, in attempting to position himself for a right turn onto a side street, crossed over two lanes and sideswiped Adams. Adams claimed that he was jostled around in his car and injured his left hip and left part of his body on the door. On July 13, he saw Dr. Leroy Stagni, a chiropractor, complaining of lower back and left leg pain. The diagnosis was lower back sprain with nerve irritation. Dr. Stagni treated him for this condition until April 7, 2001, and his bill for this treatment came to $2,073. Defendants called no medical expert to challenge Dr. Stagni’s diagnosis, or the necessity for the treatments and their cost.
The insurer had paid for the damage to plaintiffs car prior to trial. After a judge trial plaintiff was awarded $2,000 in general damages and $1,834 in medical expenses. The defendants now appeal.
13This is a manifest error case. Under the manifest error standard of review the issue is not whether the appellate court might have viewed the evidence differently, but rather whether considering the record as a whole a reasonable trier of fact could have made the factual determinations that he did. Rosell v. ESCO, 549 So.2d 840 (La.1989). Moreover, unless a witness’s testimony is so implausible or internally contradictory that a fact finder could not reasonably credit it, credibility determinations of such witnesses are virtually never manifestly erroneous. Id. .
In the present case Adams testified that he was driving in the right lane when Smith changed lanes and sideswiped him. Smith admitted that this is how the accident occurred. However, Smith further stated that he checked his rear view and passenger side mirrors and did not see Adams.' He further testified that Adams had suddenly appeared beside him and was speeding, the inference being that Adams had intentionally sped up and positioned himself in such a way as to make the accident all but inevitable.
Based on this testimony the trial judge found that Smith’s failure to ascertain if the lane change was safe, possibly due to misaligned mirrors, was the cause of the accident. There is no question that Smith changed lanes and sideswiped Adams. Adams said that he was proceeding in his lane in a normal fashion when struck. Smith asserted that Adams had somehow positioned himself so as to cause the incident. Based on the above testimony the trier of fact determined that Adams’s version was more plausible and that Smith’s failure to see Adams was the cause of the accident. There is nothing manifestly wrong in this finding, based as it is on credibility determinations.
Similarly, defendants called no medical expert to refute plaintiffs diagnosis of lower back sprain and nerve irritation. Neither was the form and extent of Dr. LStagni’s treatment, or its costs, chai- *1118 lenged by any expert. On this evidence it can hardly be said that the trial judge fell into manifest error in determining that the medical problem and subsequent treatments were causally related to the accident.
Appellants argue to the contrary that Adams’s subsequent accident history shows that he was engaged in a pattern of insurance fraud and therefore that his testimony in the present case should have been rejected. The basis of this allegation is that Adams was involved in similar sideswipe accidents on July 17, 2000, and August 1, 2000. He was also involved in two other accidents in January and February of 2001 involving damage to the driver’s side of the car, and a third involving a rear end collision. They also point out that plaintiff was treated by Dr. Stagni for alleged injuries in the present suit, the July 17, 2000 accident, and the January 2001 accident, and assert that the treatments were for the same injuries. They also note a number of inconsistencies in plaintiffs deposition and trial testimony. They urge that because of the unlikelihood of any one person being involved in so many almost identical accidents in such a short time, the almost indistinguishable treatments, and the inconsistencies in his trial and deposition testimony, it was manifestly erroneous for the trial judge to credit his version of the accident and his injuries.
While the above circumstantial evidence may well have raised some suspicion as to plaintiffs veracity, the trier of fact heard all of this evidence and still ruled in his favor. We deem this result to be based on a reasonable view of all of the evidence presented and as such do not find that the trier of fact was manifestly erroneous in his findings.
The final issue concerns the award of medical expenses. At the conclusion of the trial the judge stated from the bench that he was awarding plaintiff his medical costs for one month following the July 6, 2000, accident, which was $809. |fiFor reasons not appearing in the record, the judge signed a judgment including medicals of $1884. Defendants did not urge a motion for a new trial to clarify this discrepancy.
Judgments and reasons for judgments are two distinct documents, and appeals are taken from judgments. Ziegel v. South Central Bell, 93-547 (La.App. 5th Cir.8/16/94), 635 So.2d 314. The issue here is thus whether the award of $1834 was supported by the evidence. Dr. Stagni testified that although he was treating Adams for three injuries which in some cases overlapped, he nonetheless kept three separate ledgers for these treatments. Those he ascribed to the present accident totaled $2073. It is not clear why the judgment awarded only $1834 of this amount, but plaintiff has not appealed or answered this appeal to argue for the higher amount. Nonetheless, the actual award is supported by the unchallenged testimony and records of Dr. Stagni, and we must therefore affirm that award.
For the foregoing reasons the judgment of the trial court is hereby affirmed.

AFFIRMED.